**Cheryl NELSON, Appellant–Defendant,**

v.

**Frank and Gladys GURLEY, Appellees–Plaintiffs.**

**No. 45A03–9507–CV–226.**

Court of Appeals of Indiana.

Nov. 19, 1996.

Richard L. Roberts, Richard L. Roberts & Assoc., P.C., Griffith, for Appellant.

Dock McDowell, Jr., The Law Office of Dock McDowell, Jr., Merrillville, for Appellee.

### OPINION

STATON, Judge.

Cheryl Nelson ("Nelson") appeals a judgment of forfeiture in favor of Frank and Gladys Gurley (the "Gurleys").[1] She presents several issues for our review, one of which we find dispositive: whether the trial court erred in ordering forfeiture of the property.

We reverse and remand.

The facts most favorable to the judgment indicate that Nelson rented a house located at 7005 W. 21st Street in Gary, Indiana, from the Gurleys. Sometime in August 1988, the parties executed a contract for the sale of the property.[2] The contract provided for a sale price of $19,500 at 10% interest. The contract also provided for a $1,000 down payment. Nelson was to pay $407 per month for the first ten months and $307 per month thereafter. The extra $100 payment each month was to cover the down payment. The real estate contract also required Nelson to maintain insurance on the property and to pay all real estate taxes due and payable.

In September 1988, Nelson was unable to afford the property insurance. The Gurleys paid $120 for the first year's insurance and agreed to allow Nelson to reimburse them by paying an extra $10 per month. Nelson continued to pay the extra $10 per month until June 1994. She assumed that the extra monthly amount covered the cost of both taxes and insurance. Nelson consistently made her monthly payments with the exception of October 1989. In October, after paying $233 toward insurance, she deducted that amount from her monthly payment. Nelson also made one tax payment in the amount of $200 in September 1993.

The real estate contract also provided that Nelson was not to make any alterations to the real estate without the Gurleys' approval. While occupying the house, Nelson made several changes including replacing the cyclone fence with a wooden fence; removing the bathtub and installing a shower; and constructing a wall which effectively turned the house into a two-family duplex. In addition, in violation of the contract provisions, Nelson allowed her daughter and grandson to sublet a portion of the house from her. Neither party disputes that the Gurleys were aware of these violations of the contract.

After Mrs. Gurley discovered that Nelson was renting a portion of the house to her daughter, she contacted a lawyer concerning the contract violations. In July 1993, the Gurleys filed their complaint seeking forfeiture under the sales contract. After a bench trial, the trial court found that Nelson had breached the contract and granted forfeiture in favor of the Gurleys. This appeal ensued.

We note at the outset that the trial court entered specific findings of fact and conclusions of law *sua sponte*. When a court enters requested specific findings of fact and conclusions thereon pursuant to Ind. Trial Rule 52(A), the reviewing court cannot affirm the judgment on any legal basis; rather, this Court must determine whether the trial court's findings are sufficient to support the judgment. *Vanderburgh Co. Bd. of Commr's v. Rittenhouse*, 575 N.E.2d 663, 665 (Ind.Ct. App.1991), *trans. denied*. In reviewing the judgment, we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Id.* The judgment will be reversed only when clearly erroneous, i.e., when the judgment is unsupported by the findings of fact and conclusions entered on the findings. *DeHaan v. DeHaan*, 572 N.E.2d 1315, 1320 (Ind.Ct.App.1991), *trans. denied*. Findings of fact are clearly erroneous when the record

---

1. We note that Nelson failed to consecutively number each page of the record of proceedings. Instead, she placed tabs periodically in the margins which made reference to specific record pages difficult. Ind. Appellate Rule 7.1 requires consecutive numbering on each page of the record of proceedings and the transcript of evidence. Counsel for Nelson is admonished to carefully read the Rules of Appellate Procedure prior to commencing another appeal before this court.

2. This contract was not recorded until December 18, 1992.

lacks any evidence or reasonable inferences from the evidence to support them. *Id.* To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *Id.*

■ However, because the trial court entered the findings *sua sponte,* the specific findings control only as to the issues they cover, while a general judgment standard applies to any issue upon which the court has not found. *In re Marriage of Snemis,* 575 N.E.2d 650, 652 (Ind.Ct.App.1991). We may affirm a general judgment on any theory supported by the evidence adduced at trial. *Id.*

■ The remedy of forfeiture for breach of a land contract is generally disfavored in Indiana. *Skendzel v. Marshall,* 261 Ind. 226, 301 N.E.2d 641, 644 (1973), *reh. denied, cert. denied,* 415 U.S. 921, 94 S.Ct. 1421, 39 L.Ed.2d 476 (1974). Instead, forfeiture is only appropriate in two specific instances (1) in the case of an abandoning or absconding purchaser or (2) when the purchaser has only paid a minimal amount of the contract price and the seller's interest is at risk. *Johnson v. Rutoskey,* 472 N.E.2d 620, 624–25 (Ind.Ct. App.1984) (citing *Skendzel, supra,* at 650).

■ The Gurleys do not contend that Nelson abandoned the property. Instead, they argue that Nelson falls within the second *Skendzel* exception: she had paid only a minimal amount on the contract at the time of the breach [3] and placed their interest at risk through her failure to pay taxes. This second exception requires a showing of both that the purchaser has paid only a minimal amount toward the contract price and that

the seller's security interest has been jeopardized. *Johnson, supra,* at 626 (citing *Morris v. Weigle,* 270 Ind. 121, 383 N.E.2d 341 (1978), *reh. denied* ). Whether a particular sum paid toward a contract price is minimal depends upon the totality of the circumstances. *Id.* However, courts have determined that payments totaling as little as 29.7% of the purchase price constituted a substantial amount making forfeiture inappropriate. *See Morris, supra; see also, Johnson, supra* (payments totaling $11,200 toward a purchase price of $52,000 was substantial).

Nelson argues that the trial court incorrectly determined that she owed $15,791.82 under the contract. The Gurleys concede that this amount is incorrect. They state that the correct amount owed under the contract is $10,834.96. Assuming that the Gurleys' calculations are correct for the sake of this analysis, Nelson paid 44.4% of the contract price which is a substantial amount. *See Morris, supra; Johnson, supra.* Because Nelson paid more than a minimal amount toward the contract price, we conclude that the trial court erred in ordering forfeiture.[4]

Reversed and remanded.

GARRARD, and ROBERTSON, JJ., concur.

---

3. Nelson argues that she did not breach the contract because the Gurleys waived strict compliance with the contract terms by failing to object to any of her actions. However, waiver is an affirmative defense. Ind. Trial Rule 8(C). It must be specifically pleaded in the answer or specifically raised at trial or it is waived. *JKL Components Corp. v. Insul–Reps, Inc.,* 596 N.E.2d 945, 952 (Ind.Ct.App.1992). Nelson did not raise the issue in her answer nor did she argue the defense to the trial court. Therefore, she waived the defense.

4. We do not need to consider whether Nelson's conduct placed the Gurleys' interest in the property at risk because the second *Skendzel* exception requires both minimal payment and placing the interest at risk. Because we conclude that the first component is not present, the forfeiture is inappropriate regardless of whether the interest was at risk or not.