**Larry L. BENNETT, Appellant,**

v.

**IOWA DEPARTMENT OF NATURAL RESOURCES, Appellee.**

No. 96–1300.

Supreme Court of Iowa.

Dec. 24, 1997.

---

Larry L. Bennett, Runnells, appellant pro se.

Thomas J. Miller, Attorney General, and David R. Sheridan and David L. Dorff, Assistant Attorneys General, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO, and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

At issue in this appeal is whether a combustion process for handling solid waste at a municipal facility would constitute recycling under Iowa's environmental laws and wheth-er the amount of waste considered to be recycled in such a combustion process would include the volume of waste initially placed into the process. We conclude that the district court correctly upheld an agency determination: (1) that the combustion process would not qualify as recycling; and (2) that the amount of waste recycled would include only such waste as was returned to use after the recycling process. We therefore affirm the district court's ruling.

I. *Background proceedings.* Petitioner Larry L. Bennett is a business consultant whose client proposes to build and operate a facility utilizing combustion to process municipal solid waste. The resulting ash and metals would be separated after combustion. Bennett petitioned the Iowa Department of Natural Resources (DNR) for a declaratory ruling regarding the recycling status of the proposed facility. *See* Iowa Code § 17A.9 (1995).

Iowa Code section 17A.9 authorizes administrative agencies to issue declaratory rulings based on purely hypothetical sets of facts and provides that such rulings will be the subject of judicial review. *City of Des Moines v. Public Employment Relations Bd.*, 275 N.W.2d 753, 758 (Iowa 1979). The procedure established by section 17A.9 allows persons to seek formal opinions on the effect of future transactions and arrange their affairs accordingly. *Women Aware v. Reagen*, 331 N.W.2d 88, 92 (Iowa 1983) (citing Arthur Earl Bonfield, *The Iowa Administrative Procedure Act: Background, Construction, Applicability, Public Access to Agency Law, The Rulemaking Process*, 60 Iowa L.Rev. 731, 807 (1975)).

Bennett's petition posed these questions: (1) whether processing municipal solid waste by means of his proposed combustion process constitutes recycling under the environmental statutes; and (2) whether the entire volume of municipal solid waste to be so processed, rather than only the volume remaining after combustion, can be counted in determining how much waste has been recycled.

The DNR's declaratory ruling concluded that the combustion of municipal solid waste

does not constitute recycling under Iowa's environmental laws and that only the volume of material remaining after processing could be considered recycled material. Bennett appealed the DNR's declaratory ruling to the Environmental Protection Commission, which upheld the ruling.

Upon Bennett's petition for judicial review to the district court, *see* Iowa Code section 17A.19, the court affirmed the Environmental Protection Commission's ruling.

Petitioner Bennett appealed the district court's ruling. *See* Iowa Code § 17A.20.

■ II. *Standard of review.* Our review of the district court's judicial review ruling is for correction of errors at law. *Id.;* Iowa R.App. P. 4.; *Squealer Feeds v. Pickering,* 530 N.W.2d 678, 681 (Iowa 1995). Although we give weight to an agency's interpretation of a statute, we are not bound by that construction. *City of Des Moines,* 275 N.W.2d at 759.

III. *Questions raised by petitioner.* On appeal to us by petitioner Bennett, our review is confined to two issues: (1) whether processing municipal solid waste by means of combustion constitutes recycling under the environmental statutes; and (2) under the applicable statutes, whether the entire volume of municipal solid waste to be processed, rather than only the volume remaining after combustion, can be counted in calculating how much waste has been recycled.

■ A. *Combustion as recycling.*

1. Iowa Code chapter 455D, Waste Volume Reduction and Recycling, was enacted in 1989. 1989 Iowa Acts ch. 272. Iowa Code section 455D.3(1) sets forth the legislature's overall environmental goal for the state of "reduc[ing] the amount of materials in the waste stream" by the year 2000. By achieving several intermediate goals by certain deadlines, municipal planning areas can reduce the tonnage fees the operators of their sanitary landfills must pay to the DNR for the disposal of solid waste. Iowa Code §§ 455B.310(1), (2); 455D.3(3). On the other hand, municipal planning areas failing to meet the goals incur higher tonnage fees and must implement other solid waste management measures. *Id.* § 455D.3(3), (4). The statute requires that the goals be accomplished through the use of two methods: (1) waste volume reduction at the source; and (2) recycling. *Id.* § 455D.3(1). Thus, if the combustion process proposed by petitioner Bennett's client qualifies as recycling under section 455D.3, that process can be used by municipal planning areas to ·help meet the goals established by the legislature and thereby reduce tonnage fees a planning area must pay concerning waste disposal.[1]

2. Iowa Code section 455D.1(6) defines "recycling" as:

> any process by which waste, or materials which would otherwise become waste, are collected, separated, or processed and revised or returned to use in the form of raw materials or products. *"Recycling"* includes but is not limited to the composting of yard waste which has been previously separated from other waste, but does not include any form of energy recovery.

The reference in that statute to "the composting of yard waste *which has been·previously separated from other waste"* (emphasis added) suggests that the legislature envisioned a process whereby some waste materials are separated from other waste before the recycling process, so that the materials placed into the process are somewhat homogeneous. In contrast, the combustion process proposed by petitioner Bennett would involve the processing of dissimilar materials; separation of ash from metals would occur after the combustion process was completed.

3. Other statutory provisions indicate that the legislature did not intend that combustion qualify as recycling. In setting forth legislative policy regarding the disposal of solid waste, Iowa Code section 455B.301A(1) distinguishes combustion from recycling:

> While recognizing the continuing necessity for the existence of landfills, alternative methods of managing solid waste and a

---

1. The parties do not dispute that combustion of solid waste does not qualify as waste volume reduction at the source. "Waste reduction" refers to practices that reduce or eliminate the generation of solid waste rather than to methods of processing waste once it is generated. Iowa Code § 455D.1(8).

reduction in the reliance upon land disposal of solid waste are encouraged. In the promotion of these goals, *the following waste management hierarchy in descending order of preference, is established* as the solid waste management policy of the state:

    a. Volume reduction at the source.

    b. Recycling and reuse.

    c. Other approved techniques of solid waste management including, but not limited to, combustion with energy recovery, combustion for waste disposal, and disposal in sanitary landfills.

(Emphasis added.)

█ Thus, under that statute, the legislature separated the concepts of "recycling" and "combustion" and we will assume that it did so with a purpose. In interpreting this statute, we are guided by the maxim that expression of one thing is considered the exclusion of another. *See Marcus v. Young,* 538 N.W.2d 285, 289 (Iowa 1995) (citations omitted). This maxim stands for the principle "that legislative intent is expressed by omission as well as by inclusion, and the express mention of one thing implies the exclusion of others not so mentioned." *Id.* Applying that principle here, we believe that the legislature's distinction between recycling and combustion is clear evidence that those two concepts are not analogous and cannot be used interchangeably. This conclusion is further supported by the fact that the legislature not only separated the concepts of recycling and combustion in the statute, but it also designated combustion as a less-preferred method in the hierarchy of solid waste management.

Section 455D.3(1) underscores the waste management hierarchy established in section 455B.301A(1) by providing in part that "facilities which employ combustion of solid waste with energy recovery and refuse-derived fuel" in operation before July 1, 1989, "may include these processes in the definition of recycling for the purpose of meeting the state goal [under certain conditions]." Bennett's client cannot take advantage of this provision, however, because the combustion process proposed by Bennett's client was not in existence on July 1, 1989.

4. In addition to the statutory distinction between combustion and recycling, the DNR based its conclusion regarding the recycling status of combustion on the lack of "mass balance" in the combustion process. The DNR noted that the mass of material placed into the combustion process is far greater than the mass of product available for use after processing; this disparity, according to the DNR, precludes the classification of combustion as recycling. We believe the DNR's interpretation of recycling is in accordance with Iowa Code section 455D.1(6) ("recycling" refers to processes in which waste is revised or returned to use) and with the overall goals expressed in section 455B.301A ("An effective and efficient solid waste disposal program protects the environment and the public, and provides the most practical beneficial use of the material and energy values of solid waste.").

We agree with the district court's conclusion that the DNR did not err in its determination that combustion does not constitute recycling under our environmental statutes.

█ B. *Calculating amount of waste recycled.* Petitioner Bennett takes issue with the DNR's conclusion that only the amount of material remaining after a recycling process may be counted toward the amount of waste recycled. Bennett contends the entire amount of solid waste placed into the process should be considered in calculating the amount of waste that has been recycled.

We find no error in the DNR's conclusion regarding the calculation of the amount of waste recycled. As noted earlier, the legislature has expressed its desire to "reduce the amount of materials in the waste stream." Iowa Code § 455D.3(1). Iowa Code section 455D.1(8) provides:

*"Waste reduction" means practices which reduce, avoid, or eliminate both the generation of solid waste and the use of toxic materials so as to reduce risks to health and the environment and to avoid, reduce, or eliminate the generation of wastes or environmental pollution at the source and not merely achieved by shifting a waste output or waste stream from one*

*environmental medium to another environmental medium.*

(Emphasis added.) We believe that including the amount of preprocessed waste in the calculation of the amount of waste recycled would countermand the legislature's directive that waste reduction practices should not merely shift a waste output from one environmental medium to another. In the case of combustion, the waste output is shifted from a solid on the land to the atmosphere and contributes to air pollution. Moreover, the outcome urged by petitioner Bennett would provide an incentive for municipalities to generate even more solid waste, a result clearly at odds with the goals established for our state by the legislature.

We find no error here.

IV. *Disposition.* We have considered other arguments raised by the parties and find it unnecessary to discuss them. We affirm the decision of the district court upholding the declaratory ruling issued by the DNR.

**AFFIRMED.**