The TOWN OF AVON, Appellant–Defendant,

v.

Darryle HARVILLE, Appellee–Plaintiff.

No. 32A01–9902–CV–39.

Court of Appeals of Indiana.

Nov. 9, 1999.

Rehearing Denied Dec. 21, 1999.

William E. Dailey, Danville, Indiana, Attorney for Appellant.

Peter D. Cleveland, Indianapolis, Indiana, Attorney for Appellee.

**OPINION**

BAKER, Judge

Appellant-defendant, the town of Avon (Avon) appeals the trial court's judgment in favor of appellee-plaintiff Darryle Harville, claiming that the judgment was clearly erroneous because the evidence at trial established that Harville maintained a junkyard in violation of the town ordinance. Additionally, Avon asserts that the trial court erred in concluding that Harville could continue operating the junkyard on his property.

*FACTS*

Harville conducts a salvage recycling business on his property in Avon and is licensed by the State as a "Salvage Recycler." Harville and his wife purchased one lot in 1974 and began their business operations the following year. Harville purchased a second lot on July 2, 1995, and has used that parcel in conjunction with the property that he had purchased in 1974. In accordance with a town ordinance that Avon adopted on April 4, 1996, Harville's lots are zoned for use in a Light Industrial District. This type of district is the heaviest industrial zoning classification available in Avon.

During the course of Harville's business operations, he acquires abandoned, wrecked or inoperable motor vehicles, and then strips the usable parts from the vehi-

cles which are subsequently sold at wholesale prices to garages and body shops. Harville temporarily stores the remaining "hulks" of the vehicles on his property until they are transported to another site for crushing. Harville does not conduct any retail sales of the vehicle parts from his property. Rather, most of the parts and material stored on Harville's lots are eventually recycled as used parts or raw materials. Additionally, the majority of the vehicles are picked up by Harville or dropped off at his lot. Harville also purchases the vehicles from insurance companies and individuals. During the twelve to fourteen-month period prior to trial, Harville estimated that he processed nearly 450 vehicles for recycling on his property.

The ordinance that Avon adopted in 1996 defines various terms and sets forth permissible uses for real property. Also included in the ordinance is a table which lists various land uses by zoning district. The table indicates whether various land uses are "permitted uses," "special exceptions," and "not permitted." Record at 399–416. When the Avon Board of Zoning Appeals denied Harville a variance to operate his business on the property, it issued a "Notice of Violation" to him on January 22, 1998. The Notice concerned the illegal use of Harville's lot and asserted that he was improperly operating a junkyard on the property. R. at 26, 101. In relevant part, the Notice provided as follows:

1. Section 3–16(B) of the ordinance provides that "[a]ny person who violates this ordinance or fails to comply with any of its requirements shall upon conviction be fined in any sum not less tha[n] ten dollars ($10.00), nor more than three hundred dollars ($300.00), and in addition shall pay all costs and expenses involved in the case." R. at 259.

2. As set forth in Section 2.2, 154 of Avon's Zoning Ordinance, the term "junkyard" is defined as follows:

    An establishment or place of business, which is maintained, or operated, or used for storing, keeping, buying, or selling junk, or for the maintenance or operation of an

Violation of Town of Avon Zoning Ordinance, Chapter 4, Section 4–6(1), which states that a nonconforming use shall not be enlarged or increased, nor extended to occupy a greater area of land that was occupied at the effective date of adoption of amendment of this ordinance; and (2) a nonconforming use shall not be moved in whole or part to any portion of the lot or parcel other than that occupied by the uses at the effective date of the adoption of amendment of this ordinance.

R. at 457–58.

In light of the purported ordinance violations, Avon sought to fine Harville from $10 to $300 per day along with costs and expenses.[1] Avon also requested that Harville be ordered to remove the vehicles from the property. The Avon Building Commissioner ultimately determined that Harville was operating a junkyard[2] on the property in violation of the town's 1996 ordinance.[3]

On February 23, 1998, Harville filed a complaint for declaratory judgment against Avon regarding the use of his property. R. at 10. Specifically, Harville sought "redress in this Court based upon the Court's determination of the terms and provisions of the Zoning Ordinance as applied to [his] use of the Subject Property." R. at 10. Harville also requested a permanent injunction against Avon's threat of a zoning enforcement action, asserting that he "will continue to be wrongfully deprived

    automobile graveyard, and the term shall include garbage dumps, sanitary land fills, but shall not include a scrap metal processing facility. . . .
    R.   at 485.
    A companion section of the ordinance, 2.2, 26, defines an automobile graveyard as:
    Any establishment or place of business which is maintained, used, or operated, for storing, keeping, buying or selling wrecked, scrapped, ruined, or dismantled motor vehicles or motor vehicle parts. . . .
    R.   at 489.

3. Pursuant to Section 3–3 and 5–2, it is the Building Commissioner's duty to enforce the provisions of the ordinance.

of a vested right should Avon further pursue administrative, regulatory and judicial action, including but not limited to the cessation of Harville's business and the imposition of monetary fines." R. at 10–11. In response, Avon asserted that it was entitled to enjoin Harville's operation of the junkyard, as his activities on the property amounted to a violation of its ordinance. R. at 25–29. Moreover, Avon requested that Harville be ordered to remove the vehicles from his property.

Following a bench trial which was conducted on November 17, 1998, the trial court found in favor of Harville and issued findings of fact and conclusions of law. In relevant part, the order provided as follows:

### FINDINGS OF FACT

1. *The facts in this case are simple.* The Avon Planning and Building Department seeks to have Darryle Harville found in violation of its 4 April, 1996 zoning ordinance and fined $10 to $300 per day with costs and expenses, including an injunction to cease activity, and remove vehicles from Darryle Harville's business real estate located at 127 Production Drive in the new Town of Avon.

2. On 22 January, 1998, the Town of Avon, by its Planning and Building Commissioner Michael F. Tulli, issued a notice of violation to Harville regarding the 4 April, 1996, zoning ordinance.

3. Harville seeks to stop the enforcement of the new Town of Avon Zoning Ordinance adopted 4, April, 1996.

4. Darryle Harville and his wife own real estate located in the new Town of Avon, Indiana, at 132 and 127 Production Drive. Darryle Harville and his wife purchased lot 132 in 1974 and began business in 1975 and have operated their business continuously thereafter.

5. Plaintiff Harville has owned lot number 127 in the new Town of Avon since *2, July, 1995,* and uses lot 127 in conjunction with lot number 132.

6. The new Town of Avon adopted a zoning ordinance on *4, April 1996.*

7. Harville's real estate and the business he operates thereon have been inspected by the State and County inspectors and he has never been in violation of any environmental, other regulation or zoning ordinance.

### HISTORY AND LAW

Government administrative agencies, such as the Avon Zoning Board, have no power to act beyond the authority conferred by the constitution and Indiana case law.

Indiana case law provides that the right of a municipality to enact zoning restrictions is subject to vested property interests *acquired prior to enactment of zoning ordinances. Jacobs v. Mishawaka Board of Zoning Appeals,* 182 Ind.App. 500, 395 N.E.2d 834, 836 (1979). An ordinance prohibiting any continuation of an existing lawful use within a zoned area is unconstitutional as a taking of property without due process of law and as an unreasonable exercise of police power.

### FACTS APPLIED TO LAW

The Town of Avon seeks to apply a zoning ordinance adopted after Darryle Harville owned the property at 127 Production Drive using an ordinance that was not tailored specifically to the town. This is government action.

The Town of Avon, based upon the above principles, may not impose its zoning ordinance against the real estate of Darryle Harville in a manner that seeks to fine, prevent the use of the property, and effectively destroy any value Darryle Harville has in the property.

The remedy sought by the ordinance violates Darryle Harville's Fifth Amendment right that prevents the government from taking his private property for public use without just compensation. What may the Town of Avon do? The Town of Avon may negotiate and buy

Darryle Harville's property. The Town of Avon may condemn the property for public use and have a jury decide the value of the taking.

The Town of Avon may not enact a zoning ordinance after Darryle Harville has owned the property that in effect causes Darryle Harville to pay huge fines, eliminate his business, reducing its value to zero, and further requiring Darryle Harville to remove vehicles from a business that the Town has, after the fact by its zoning ordinances, declared illegal.

· · ·

Based upon the above law and the facts of this case, Darryle Harville is granted an injunction requiring the Town of Avon and its Planning and Building Department to refrain from imposing its zoning ordinance against Darryle Harville....

R. at 83–87. Avon now appeals from this order.

## DISCUSSION AND DECISION

### I. Standard Of Review

■ When the trial court enters findings on its own motion, we note that the specific findings control only as to the issues they cover while a general judgment standard applies to any remaining issue. *Schoemer v. Hanes & Assoc., Inc.*, 693 N.E.2d 1333, 1338 (Ind.Ct.App.1998). A general judgment will be affirmed unless the uncontradicted evidence leads to an opposite conclusion. *Maloblocki v. Maloblocki*, 646 N.E.2d 358, 361 (Ind.Ct.App. 1995). Moreover, we will affirm if the judgment can be sustained on any legal theory supported by the evidence most favorable to the judgment, together with all reasonable inferences to be drawn therefrom. *Id.* We will reverse only if the judgment is clearly erroneous, i.e., when the judgment is unsupported by the findings of fact and conclusions entered on the findings. *Nelson v. Gurley*, 673 N.E.2d 497, 499 (Ind.Ct.App.1996). Findings of fact are clearly erroneous when the

record lacks any evidence or reasonable inferences from the evidence to support them. *Id.* at 499–500.

■ Next, we note that zoning laws which limit the use of real property are strictly construed because they are in derogation of the common law. *Bagko Dev. Co. v. Damitz*, 640 N.E.2d 67, 71 (Ind.Ct. App.1994). While an ordinance prohibiting a continuation of an existing lawful use within a zoning area may be unconstitutional, this court has determined that an individual who claims a legal nonconforming use has the burden of establishing such a claim. *See Hannon v. Metropolitan Dev. Com'n*, 685 N.E.2d 1075, 1081 (Ind. Ct.App.1997); *Jacobs v. Mishawaka Bd. of Zoning Appeals*, 182 Ind.App. 500, 507, 395 N.E.2d 834, 836 (1979). When such a use has been established, the burden of proving termination of that use by abandonment or discontinuance rests on the party opposing the nonconforming use. *Jacobs*, 182 Ind.App. at 507, 395 N.E.2d at 836.

### II. Avon's Claims

■ Avon appeals the trial court's ruling urging that the town's zoning ordinance enacted on April 4, 1996 prohibited Harville from operating a junkyard on his property. While Harville maintains that the trial court properly found in his favor because Avon's ordinance may not have retroactive application with respect to the use of his property, Avon asserts, *inter alia*, that the judgment must be reversed because Harville failed to sustain his burden of proof that the use of his property amounted to a legal nonconforming use prior to the enactment of the ordinance.

■ To resolve this issue, we first examine the burdens imposed upon the respective parties. Generally, a zoning ordinance is subject to vested rights in the property of persons acquired prior to the enactment of a zoning restriction. *Lutz v. New Albany City Plan Com'n*, 230 Ind. 74, 81, 101 N.E.2d 187, 190 (1951). Such ordinances ordinarily may not be applied retroactively so as to disturb existing uses

of the property. *Id.* at 80, 101 N.E.2d at 189. Moreover, the use of land or buildings may be protected from existing zoning restrictions if the use is one which existed and was lawful when the restrictions became effective and which continued to exist since that time. *Metropolitan Dev. Com'n v. Goodman,* 588 N.E.2d 1281, 1285 (Ind.Ct.App.1992).

In essence, such a "non-conforming use" has been defined as a use of the premises which lawfully existed prior to the enactment of a zoning ordinance which is allowed to be maintained or continued after the effective date of the ordinance although it does not comply with the use restrictions applicable in the area. *Jacobs,* 182 Ind.App. at 501, 395 N.E.2d at 835. Inasmuch as Harville has seemingly asserted a lawful nonconforming use of his property in his action for declaratory judgment against Avon, he bore the burden of establishing that such use was legal prior to the adoption of Avon's zoning ordinance. *See Wesner v. Metropolitan Dev. Com'n.,* 609 N.E.2d 1135, 1138 (Ind.Ct.App.1993). Only upon Harville's presentation of proof that such a use existed, does the burden shift to Avon. *See Jacobs,* 182 Ind.App. at 501, 395 N.E.2d at 839.

Here, we note that the trial court's order is devoid of any determination that Harville met his burden in demonstrating that the operation of the junkyard constituted a lawful use of the property prior to the adoption of Avon's ordinance. At trial, Harville and a number of witnesses testified as to the activities that were performed in the business operations on the property in an effort to demonstrate that those activities did not constitute the operation of a junkyard under Avon's 1996 ordinance. However, Harville did not prove that his use of the property under a prior existing ordinance was lawful. As a result, Harville failed to demonstrate a legal nonconforming use.

Additionally, we note that during the course of the trial, the judge engaged counsel for both parties expressing concern as to the applicability of Avon's ordinance in these circumstances. For instance, Harville's counsel asserted that "the Hendricks County Ordinance [had been] adopted by Avon in total." R. at 441. Following this comment, the trial judge remarked that "the statements of attorneys are not a fact and cannot be considered as proof of any fact in a trial." R. at 441. Harville's counsel later asserted that he could "quite easily establish that [the Hendrick's County] ordinance was adopted verbatim...." The judge then responded that there was "nothing in the record that proves that." R. at 442.

Notwithstanding the trial court's invitation to counsel to prove Avon's adoption of the county ordinance, we note that Harville's counsel proceeded to elicit testimony from a former member of the Hendricks County Commissioner's Board to interpret Harville's use of the property in a fashion that was consistent with the Hendricks County ordinance. R. at 447. Following an objection by Avon's counsel on relevancy grounds, R. at 447, the trial judge then addressed counsel for both parties as to whether it is "a foregoing [sic] conclusion that there will be provable evidence in this case that the Avon Ordinance is the Hendricks County Zoning Ordinance, is that ... in dispute? Nobody knows yet?" R. at 448. Immediately thereafter, the court remarked as follows:

> It would only change if there's proof in the record of the assertion that you have made that the Court cannot consider the assertion that, the Avon is the Hendricks, adopted Hendricks County Zoning Ordinance, and the attorneys are saying they don't, Mr. Cleveland's saying yes it is, Mr. Daily's saying I don't know.

R. at 449. Despite the exchanges of counsel and the remarks made by the trial judge, Harville offered no proof establishing whether Avon had adopted the Hendricks County ordinance. Even more compelling, we note that the record was devoid of any evidence establishing that other zoning legislation existed on the property that Harville could have relied upon to demonstrate that his use of the

property was a lawful nonconforming use. Thus, even though the trial court's order properly acknowledged that zoning restrictions are "subject to vested property interests acquired prior to enactment of zoning ordinances," R. at 85, the judgment may not stand in light of Harville's failure to show that he used the property in a lawful manner prior to the enactment of Avon's ordinance. As a result, the injunction granted in favor of Harville must be reversed.[4]

■ Finally, we deem it necessary to address an additional component of the trial court's order in the event that this cause becomes the focus of further litigation. Specifically, we note that the judgment might be construed to limit Avon's remedies to the condemnation or negotiation and purchase of the property in light of the trial court's determination that the town is prohibited from imposing its zoning ordinance against Harville "in a manner that seeks to fine, prevent the use of the property, and effectively destroy any value Darryle Harville has in the property." R. at 86. While there is an implication that Avon could be foreclosed from enacting a nonconforming use "amortization" ordinance which requires a property owner to discontinue a nonconforming use after a certain period of time,[5] our supreme court determined in *Board of Zoning Appeals v. Leisz*, 702 N.E.2d 1026 (Ind.1998), that such provisions are not unconstitutional *per se*. As a result, the trial court's judgment here should not be construed to imply that Avon is necessarily precluded from enacting such a provision in the future.

### CONCLUSION

In light of our discussion above, we conclude that the trial court erroneously entered judgment in favor of Harville because he failed to prove that he used his property in a manner that amounted to a lawful nonconforming use when Avon's ordinance was adopted, despite the trial court's repeated request for such proof. Additionally, we note that Avon is not precluded from adopting an amortization provision in its zoning ordinance should it choose to do so.

Judgment reversed.

SHARPNACK, C.J., concurs.

MATTINGLY, J., dissents with opinion.

MATTINGLY, Judge, dissenting with opinion

The standard of review which the majority has accurately articulated in its decision requires us to affirm the judgment in Harville's favor if we may do so on any legal theory supported by the evidence most favorable to the judgment. There is ample evidence in the record that the Harville property was used for recycling and was not used as a "junkyard," and that the facility thus was a use permitted under the Avon ordinance. As a result, the trial court's judgment cannot be characterized as clearly erroneous and should be affirmed.

The record supports a judgment for Harville on the basis that Harville's use of his property does not violate the Avon ordinance. One of the uses expressly permitted in the light industrial district where Harville's facility is located is "recycling." The ordinance also explicitly permits "[o]ther uses ... which are similar in character to the [listed permitted uses]." (R. at 315.) The ordinance does not define "recycling." [6]

When a word is undefined, we endeavor to give it its common and ordinary mean-

---

4. In light of our conclusion that Harville failed to sustain his burden of proof, we need not address the remaining issues raised by Avon as to whether or not Harville operated a junkyard under the 1996 ordinance.

5. Avon's town ordinance contains no such amortization provision.

6. The ordinance does define "recyclable material" as "[a]ny material which can be converted into a raw material for use in a manufacturing process." (R. at 240.)

ing. *In re Commitment of Pepper,* 700 N.E.2d 253, 256 (Ind.Ct.App.1998). We construe a zoning ordinance to favor the free use of land and will not extend restrictions by implication. *Saurer v. Board of Zoning Appeals,* 629 N.E.2d 893, 898 (Ind. Ct.App.1994). Recycling is defined as "a process whereby items that have no other economic use in their present form are transformed into valuable, usable products." *Griffin Indus. v. United States,* 27 Fed. Cl. 183, 190 (1992). It is "any process by which waste, or materials which would otherwise become waste, are collected, separated, or processed and revised or returned to use in the form of raw materials or products." *Bennett v. Department of Natural Resources,* 573 N.W.2d 25, 27 (Iowa 1997), *quoting* Iowa Code § 455D.1(6).

Harville's business is characterized by the State on Harville's business license as "salvage recycler." (R. at 125.) An "automobile salvage recycler" is a business which acquires damaged, inoperative, discarded, abandoned, or salvage motor vehicles or their remains, dismantles or processes the vehicles in order to reclaim and sell reusable parts, and disposes of the recyclable materials to a scrap metal processor or other appropriate facility. Ind. Code § 9–13–2–10. The record reflects that Harville acquires inoperable, wrecked, or abandoned vehicles, strips the usable parts from the vehicles and sells the parts, then has the hulks of the vehicles transported off-site where the steel, aluminum, glass, rubber, and other materials are separated. The separated materials are forwarded to facilities where they are processed and prepared for reuse.

The trial court's judgment can be upheld on the theory that Harville's use of the property was permitted as "recycling" or as a use "similar in character" to recycling. I would affirm.

