# FOR PUBLICATION



ATTORNEY FOR APPELLANTS:

**W. L. SIDERS**
Peru, Indiana

ATTORNEY FOR APPELLEES:

**PATRICK J. ROBERTS**
Roberts Law Firm
Peru, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HARRY E. KNAUFF, JR. and CAROLYN R. KNAUFF, | ) | |
| Appellants, | ) | |
| vs. | ) | No. 52A05-1111-PL-584 |
| NATHAN T. HOVERMALE and SARAH E. HOVERMALE, | ) | |
| Appellees. | ) | |

APPEAL FROM THE MIAMI CIRCUIT COURT
The Honorable Robert A. Spahr, Judge
Cause No. 52C01-1008-PL-426

**October 24, 2012**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Harry E. Knauff, Jr. and Carolyn R. Knauff appeal the trial court judgment quieting title in certain real property in the names of Nathan T. Hovermale and Sara E. Hovermale following a bench trial. The Knauffs present three issues for review, which we consolidate and restate as whether the trial court erred when it determined that the Knauffs had not met their burden to prove adverse possession.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On April 6, 1983, the Knauffs purchased a landlocked 20-acre parcel and a 26-acre parcel from Donald E. Ensley in Miami County. The warranty deed for that purchase was recorded on October 20, 1992. Along the east border of the 20-acre parcel lies an untitled quarter-acre parcel ("the gapland"), and along the east border of the gapland lies a 2.33-acre parcel ("the disputed area"). Only part of the disputed area is tillable, and the size of the tillable area depends each year on several factors, including the amount of ground moisture. The remains of an old wire fence, which is broken down in some places, runs north to south somewhere in the middle of the disputed area. Since 1983, the Knauffs or their tenant farmed parts of the 20-acre parcel, the gapland, and the tillable part of the disputed area west of the broken down wire fence.

In 1987, the Hovermales purchased by special warranty deed an 11.171-acre tract ("the Hovermale parcel") in Miami County from the Federal Home Loan Mortgage Corporation. The Hovermale parcel lies adjacent to and shares the eastern border of the gapland. In 2010, the Hovermales erected a fence on the western border of the

Hovermale parcel, which is the same as the western border of the disputed area. Subsequently, the Knauffs obtained a survey and learned for the first time that they did not own the disputed area.

Nevertheless, on August 19, 2010, the Knauffs filed a complaint against the Hovermales seeking a declaratory judgment, to quiet title in the disputed area and the gapland, and seeking damages for trespass. The Hovermales filed an answer to the complaint and, later, a motion for special findings pursuant to Trial Rule 52(A). Following a bench trial on June 20 and 21, 2011, the parties filed proposed findings of fact and conclusions thereon. And on October 13, the trial court entered its order which, in relevant part, denied the Knauffs' claims on all three counts, with the exception of awarding them ownership of the gapland "by default[,]" and quieted title in the disputed area in the Hovermales. The Knauffs now appeal.

## DISCUSSION AND DECISION

### Standard of Review

Where, as here, the trial court has entered special findings and conclusions thereon pursuant to Indiana Trial Rule 52, our standard of review is well settled:

> First, we determine whether the evidence supports the findings and second, whether the findings support the judgment. In deference to the trial court's proximity to the issues, we disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment. We do not reweigh the evidence, but consider only the evidence favorable to the trial court's judgment. Challengers must establish that the trial court's findings are clearly erroneous. Findings are clearly erroneous when a review of the record leaves us firmly convinced a mistake has been made. However, while we defer substantially to findings of fact, we do not do so to conclusions of law. Additionally, a judgment is clearly erroneous under Indiana Trial Rule 52 if it relies on an incorrect legal standard. We

3

evaluate questions of law de novo and owe no deference to a trial court's determination of such questions.

Kwolek v. Swickard, 944 N.E.2d 564, 570 (Ind. Ct. App. 2010) (citation omitted), trans. denied. In other words, "[a] decision is clearly erroneous if it is clearly against the logic and effect of the facts and circumstances that were before the trial court" or if the court misinterprets the law. Id. (citation omitted).

We also observe that the Knauffs are appealing from a negative judgment. Thus, we will reverse that decision only if the evidence is without conflict and all reasonable inferences to be drawn from the evidence lead to a conclusion other than that reached by the trial court. Capital Drywall Supply v. Jai Jagdish, Inc., 934 N.E.2d 1193, 1199 (Ind. Ct. App. 2010) (citation omitted).

**Adverse Possession**

The Knauffs contend that the trial court erred when it concluded that they had not proved the elements of adverse possession of the disputed area. The traditional common law elements of adverse possession required the claimant to prove the possession was (1) actual; (2) visible; (3) open and notorious; (4) exclusive; (5) under claim of ownership; (6) hostile; and (7) continuous for a statutory period of time. Fraley v. Minger, 829 N.E.2d 476, 485 (Ind. 2005). In Fraley, however, our supreme court rephrased the elements of adverse possession, stating that "the doctrine of adverse possession entitles a person without title to obtain ownership to a parcel of land upon clear and convincing proof of control, intent, notice, and duration." 829 N.E.2d at 486. These elements were defined in Fraley as follows:

4

(1) Control—The claimant must exercise a degree of use and control over the parcel that is normal and customary considering the characteristics of the land (reflecting the former elements of "actual," and in some ways "exclusive," possession);

(2) Intent—The claimant must demonstrate intent to claim full ownership of the tract superior to the rights of all others, particularly the legal owner (reflecting the former elements of "claim of right," "exclusive," "hostile," and "adverse");

(3) Notice—The claimant's actions with respect to the land must be sufficient to give actual or constructive notice to the legal owner of the claimant's intent and exclusive control (reflecting the former "visible," "open," "notorious," and in some ways the "hostile," elements); and

(4) Duration—The claimant must satisfy each of these elements continuously for the required period of time (reflecting the former "continuous" element).

Id. at 1152. These elements must be satisfied for the statutory period of ten years. Hoose v. Doody, 886 N.E.2d 83, 92 (Ind. Ct. App. 2008) (citing Ind. Code § 34-11-2-11), trans. denied. The failure to establish any one element of an adverse possession claim defeats the claim. Fraley, 829 N.E.2d at 476. But "once a party established the elements of adverse possession, 'fee simple title to the disputed tract of land is conferred upon the possessor by operation of law, and title is extinguished in the original owner.'" Garriott v. Peters, 878 N.E.2d 431, 439 (Ind. Ct. App. 2007) (citation omitted), trans. denied.

The Knauffs contend that the trial court erred when it concluded that the Knauffs had not demonstrated by clear and convincing evidence all of the elements of adverse possession. Specifically, the Knauffs take issue with the trial court's findings that the Knauffs did not demonstrate exclusive control and that the Knauffs did not substantially comply with Indiana Code Section 32-21-7-1, the adverse possession tax statute. We find the issue regarding the control element to be dispositive.

5

To establish the requisite control, an adverse possession claimant "must exercise a degree of use and control over the parcel that is normal and customary considering the characteristics of the land; this element includes former elements of actual and exclusive possession." Ludban v. Burtch, 951 N.E.2d 846, 852 (Ind. Ct. App. 2011) (citing Daisy Farm Ltd. P'ship v. Morrolf, 915 N.E.2d 480, 488 (Ind. Ct. App. 2009)). In the present case, the trial court found in relevant part:

> 14. Several witnesses confirmed that various mushroom hunters searched along the wooded broken wire fence in the disputed area and other persons hunted for wildlife, deer and rabbit, in addition to Plaintiffs Knauff seeking butternut seeds and monitoring the growth of a butternut tree at the north end of the broken wire fence. Exclusive control of the disputed area by Plaintiffs Knauff is reasonably challenged by this evidence and testimony.

Appellant's App. at 12. The trial court therefore concluded: "10. Thus use of the marsh ground, woods and wetlands [part of the disputed area] was occasional by Plaintiffs Knauff and was not exclusive. . . ." Id. at 14.

Here, the disputed area is a mixed use parcel. The evidence shows that the Knauffs used part of the disputed area for farming, although the size of the tillable portion changed from year to year. They also used part of the unfarmed portion to monitor a butternut tree. But the evidence also shows that others used the area, too, for hunting mushrooms and wild game. Harry Knauff testified that it was hard to keep the mushroom hunters out, but he did not testify that he tried to exclude or chase off mushroom hunters or anyone else from the property. The trial court concluded that the Knauffs failed to show control of the disputed area necessary to establish adverse possession because others had also used the area for hunting game and mushrooms. We may or may not have considered such occasional use by others to be inconsistent with

6

establishing the control element of adverse possession under the circumstances presented in this case. But we cannot say that the trial court's conclusion on this point is clearly erroneous, which is our standard of review on appeal.

Again, failure to establish any one element of an adverse possession claim defeats the claim. Fraley, 829 N.E.2d at 476. The Knauffs have not shown that the trial court clearly erred when it concluded that they failed to establish the control element of adverse possession. Thus, we need not consider whether they have established any other elements of adverse possession. As such, the Knauffs have not shown that the trial court erred when it entered judgment in favor of the Hovermales on the Knauffs' complaint seeking a declaratory judgment, to quiet title in the disputed area, and seeking damages for trespass on the disputed area.

Affirmed.

MAY, J., concurs.

KIRSCH, J., dissents without opinion.