**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jan 15 2013, 9:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LAWRENCE R. WHEATLEY**
Danville, Indiana

ATTORNEYS FOR APPELLEE:

**J. KENT MINNETTE**
**TYLER M. NICHOLS**
Kirtley, Taylor, Sims, Chadd & Minnette, P.C.
Crawfordsville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KELLY LEE MUNCY, KENDRA MARIE VONDERSAAR, KAREN KAY MUNCY and KIM SUE MUNCY, | ) ) ) ) | |
| Appellants-Defendants, | ) ) | |
| vs. | ) ) | No. 32A04-1203-OV-134 |
| TOWN OF AVON, INDIANA, | ) ) | |
| Appellee-Plaintiff. | ) ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable David H. Coleman, Judge
Cause No. 32D02-1104-OV-9

**January 15, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Kelly Muncy, Kendra Marie Vondersaar, Karen Kay Muncy, and Kim Sue Muncy (collectively "the Muncys") appeal the trial court's judgment following a bench trial that the use of their property for open storage violates an Avon Zoning Ordinance. The Muncys present four issues for review, which we consolidate and restate as the following dispositive issues:

1.  Whether the Town of Avon ("the Town") met its burden to show that the Muncys violated an Avon Zoning Ordinance regarding open storage.

2.  Whether the Town provided adequate notice to the Muncys of the alleged zoning code violations.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In 1957, Hendricks County enacted a countywide zoning ordinance to govern the use of real property in its jurisdiction. That zoning ordinance became effective in 1958. Sometime in 1960, the Muncys' father, Ed Muncy, purchased property in Hendricks County that is now known as 258 Production Drive in Avon ("the Property"). The Muncys now collectively own that parcel.

At the time of the purchase, the property did not lie in an incorporated area. But in 1995, the town of Avon was incorporated, including within its jurisdiction the Property, and in 1996 the Town passed a zoning ordinance. The Property lies in Avon in an area zoned I-2 Light Industrial. That zoning classification limits outdoor storage to the rear yard of the lot and to less than ten percent of the lot.

2

Since at least 2008, the Muncys have stored numerous items in the open space on the Property, not just in the rear yard. Items in the open space include, among other things, passenger and other vehicles, some of which do not appear operable; five to six semitrailers that do not appear to be roadworthy; used lumber; scrap metal; BPC and black pipe; numerous 55-gallon drums; plastic containers and buckets; used tires without rims; a refrigerator; the top half of a mini-barn; and other miscellaneous debris. On June 4, 2008, the Town issued a Notice of Ordinance Violation to Kelly Muncy ("the First Notice") at the Property's address, stating that the use of the Property violated Avon Zoning Ordinance Table 12-2. In relevant part, that notice states that "open storage requires a special exception in an I-2 zoning district" and that "such storage is limited to 10% of the lot and only within the rear yard." Appellant's App. at 16. The First Notice also describes remedy options and provides that Kelly Muncy had ten days from the receipt of the First Notice to remedy the zoning violation "or provide a timeline acceptable to the Zoning Administrator for said violation to be corrected[.]" Id. And the First Notice provides that Kelly Muncy could appeal the citation to the Avon Board of Zoning Appeals within ten days of receipt of the First Notice.

On October 21, 2008, the Town issued a Citation for Avon Zoning Ordinance Violation ("the Citation") to Kendra Vondersaar at the Property's address. Referring to the First Notice, the Citation states that the Property's use violated the open storage limits "in an I-2 District (Table 12-2)[.]" Id. at 17. The Citation also provides that the Town did not accept the timeline previously provided for remedying the violation and imposes a fine each day until the violation is corrected.

3

On August 21, 2009, the Town issued a second Notice of Ordinance Violation, Notice to Correct ("the Second Notice") to each of the four owners of the Property at the Property's address. The Second Notice is in all material respects identical to the First Notice. Like the First Notice, the Second Notice provides, in relevant part: "If this Notice of Violation aggrieves you, you may appeal the citation to the Avon Board of Zoning Appeals within ten (10) days from the receipt of this notice." Id. at 19. Also on August 21, the Town Manager sent a letter to Kendra Vondersaar, summarizing a meeting with the Muncys regarding their use of the property.

According to the Muncys, the Town of Avon initiated an action against the Muncys in the Town Court of Avon ("the Town Court") sometime in November 2010.[1] On March 3, 2011, the Town Court issued an order stating that the issue before it was whether the Muncys had violated the Town's zoning ordinance regarding open storage or whether their non-conforming use had been "grandfathered in." Clerk's Verified Response to Writ of Certiorari, Exhibit A. The Town Court concluded that the Muncys' use was not a legal non-conforming use nor was it grandfathered in.

The Muncys filed a notice of appeal in the Town Court, in response to which the Town Court transferred the case to the Hendricks County Clerk's Office. On February 9,

---

[1] There were gaps in the record submitted on appeal. The record originally filed on appeal does not show exactly how the proceedings in the trial court were initiated. We issued a Rule to Show Cause to the Muncys asking for further procedural history. Upon receiving their report, we issued a Writ of Certiorari to the Hendricks Superior Court Clerk requesting additional documentation. Between the two responses we gleaned the basics of the procedural background of this case. Additionally, we note that, in their October 2012 report to this court, the Muncys indicate that the action was initiated in November 2011, but also that the last notice of violation was issued in August 2009, "which was nine (9) months after the Town Court Action was initiated[.]" Report to Court at 2. The Muncys do not explain the internal conflicts in the report. Resolution of the issues raised on appeal does not depend on the accuracy of the dates in the procedural history here, but we remind counsel that the appellant bears the burden of presenting a complete and clear record for appeal.

4

2012, a bench trial was held on the issue of whether the Muncys had violated the Town's

zoning ordinance regarding open storage or "whether the [Muncys'] use of their property

is 'grandfathered in' as a non-conforming use[.]" Appellant's App. at ii.[2]  At the close of

the Town's case, the Muncys moved for judgment on the evidence.  The trial court took

the matter and the Muncys' motion under advisement.  And on February 17, the court

issued an order denying the Muncys' motion and entering judgment in favor of the Town

("the Judgment").  The Judgment provides, in relevant part:

> The issue before the court is whether or not the defendants [Muncys] have violated the Town of Avon's zoning ordinance regarding open storage or whether or not the defendants' use of their property is "grandfathered in" as a non-conforming use[.]
>
> The defendants, or their father, have owned the property located at 258 Production Drive, Avon, Indiana since approximately 1960.  The property is now located within the Town of Avon, Indiana[,] that was incorporated as a town on November 30, 1995.
>
> On June 4, 2008, the Town of Avon issued an ordinance violation to the defendants for open storage violation.  Specifically, the Town of Avon alleges the property is being used as a "junk yard" not allowed under the current I-2 zoning classification and is in violation of the open storage percentage stated in Table 12-2 of the Industrial Districts Accessory Use Matrix.  Open storage is limited to no more than 10% of the total area of the property.  A variance or special exemption permit is required for a junk yard or open storage for more than 10%.  The defendants have not appealed to the Avon Board of Zoning Appeals or otherwise sought a variance or special exemption permit.  Instead, they argue that they are not subject to Avon's zoning ordinance, but are grandfathered in as a non-conforming use under Hendricks County's zoning ordinance.

---

[2]  Indiana Appellate Rule 51(C) provides in relevant part:  "All pages of the Appendix shall be numbered at the bottom consecutively . . . ."  Appellant's Appendix numbers only the first page of the Judgment and the Chronological Case Summary, using lower case Roman numerals.  Thereafter, the Appendix is numbered chronologically in Arabic numerals.  As a result, not all of the pages of the Appendix are numbered, and the form of numbering changes after several pages.  We remind Appellant's counsel to comply with this rule in the future.

The court finds from the evidence that the Hendricks County Zoning Ordinance was originally enacted in 1957 and went into effect on January 1, 1958. The defendant's property was a vacant lot on January 1, 1958. Therefore, it was not being used in the same manner it is now being used by the defendants. The defendants' argument that the property is grandfathered in either under the Hendricks County Zoning Ordinance or the Avon Zoning Ordinance enacted in 1996 has no merit.

The defendants are subject to the current Town of Avon ordinance including the Zoning ordinance. The court finds that the open storage use by the defendants was and is not a legal use either in 1958 under the Hendricks County Zoning Ordinance or a legal use under the 1996 Avon Zoning Ordinance.

The defendants' use of the property located at 258 Production Drive, Avon, Indiana[,] is a violation of the Town of Avon's Zoning Ordinance. The court finds the violation and penalty under the ordinance began on October 11, 2008[,] in the amount of $100.00 and each day thereafter is a distinct and separate violation pursuant to the Avon Zoning Ordinance. The Town of Avon may recover total accumulated fines pursuant to the ordinance.

Appellant's App. at 1-3. The Muncys now appeal.

## DISCUSSION AND DECISION

Initially, we note that neither party requested special findings of fact under Trial Rule 52(A), but the trial court entered such findings sua sponte. Sua sponte findings control only the issues they cover, and a general judgment will control as to the issues upon which there are no findings. Estudillo v. Estudillo, 956 N.E.2d 1084, 1089-90 (citation omitted). When a trial court has made findings of fact, we apply a two-tier standard of review: whether the evidence supports the findings of fact, and whether the findings of fact support the conclusions thereon. Id. at 1090 (citation omitted). We will set aside findings only if they are clearly erroneous. Id. "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference."

6

Id. To determine that a finding or conclusion is clearly erroneous, an appellate court's review must leave it with the firm conviction that a mistake has been made. Id.

We also observe that, because the Muncys bore the burden of proof at trial, they are appealing from a negative judgment. Thus, we will reverse that decision only if the evidence is without conflict and all reasonable inferences to be drawn from the evidence lead to a conclusion other than that reached by the trial court. Knauff v. Hovermale, 976 N.E.2d 1267, 1269 (Ind. Ct. App. 2012).

## Issue One: Sufficiency of Evidence

The Muncys contend that the evidence does not support the trial court's conclusion that they are in violation of an open storage Avon Zoning Ordinance. In particular, the Muncys contend that their use of the Property for open storage is a legal non-conforming use. They also contend that the trial court applied an incorrect standard when determining whether theirs is a legal non-conforming use. We address each contention in turn.

Zoning ordinances are tools used to restrict the use of real property. See Benjamin Crossing Homeowners' Ass'n, Inc. v. Heide, 961 N.E.2d 35, 40-41 (Ind. Ct. App. 2012). Indiana case law provides that the right of a municipality to enact zoning restrictions is subject to vested property interests acquired prior to enactment of zoning ordinances. See Jacobs v. Mishawaka Bd. of Zoning Appeals 182 Ind. App. 500, 395 N.E.2d 834, 836 (1979). An ordinance prohibiting any continuation of an existing lawful use within a zoned area is unconstitutional as a taking of property without due process of law and as an unreasonable exercise of police power. Town of Avon v. Harville, 718 N.E.2d 1194,

7

1197 (Ind. Ct. App. 1999), <u>trans. denied</u>. The phrase "non-conforming use" is defined as a use of premises which lawfully exists prior to the enactment of a zoning ordinance and which is allowed to be maintained or continued after the effective date of the ordinance although it does not comply with the use restrictions applicable in the area. <u>Jacobs</u>, 395 N.E.2d at 835-36. A person who claims a legal non-conforming use has the burden of establishing his claim. <u>Harville</u>, 718 N.E.2d at 1198. Once a legal non-conforming use has been established, the burden of proving the termination of that use by abandonment or discontinuance rests on those opposing the non-conforming use. <u>Id.</u>

Here, the Muncys first contend that their use of the Property for outside storage was a legal non-conforming use. In support, they maintain that the Town admitted as much in an August 21, 2008, letter from the Town Manager to Kendra Vondersaar. That letter provides:

> This letter is to follow[ ]up on our meeting of July 23, 2008. At this meeting we discussed the following timeline for getting the property located at 258 Production Drive into compliance with the Town of Avon's ordinances . . . .
>
> Nothing in this letter will exclude the legal non-conforming status of the asphalt and excavating business currently in operation. In the event that you fail to meet a benchmark, the Town will send a 10[-]day notice. If you can't get caught up in that time, you may be subject to fines as detailed in Section 19-5.3B of the Avon Zoning Ordinance, which range from $100 a day to $2500 per day based on the number of days the property is in violation, and the Town has the right to come on to [sic] your property and clean it up as we wish.

Appellant's App. at 27.[3]

---

[3] The omission in this quote constitutes the redacted portion of the letter.

8

We disagree with the Muncys' interpretation of that letter. The Town conceded that the "asphalt and excavating business currently in operation" on the Property constituted a "legal non-conforming" use. Id. But no part of the letter provided in the Appellant's Appendix refers to the use of the Property's outside, open storage area as a legal non-conforming use. Further, the record shows that the Muncys use almost the entirety of the outside area of the Property to store passenger and other vehicles, some of which do not appear operable; five to six semitrailers that do not appear to be roadworthy; used lumber; scrap metal; BPC and black pipe; numerous 55-gallon drums; plastic containers and buckets; used tires without rims; a refrigerator; the top half of a mini-barn; and other miscellaneous debris. The Muncys do not argue that any of these materials are necessary for the asphalt and excavating business.

The Muncys had the burden to show a legal non-conforming use. Harville, 718 N.E.2d at 1198. The August 21, 2008, letter from the Town Manager does not satisfy that burden.[4] The Muncys have not shown that the evidence is insufficient to support the trial court's conclusion that their use of the Property is not a legal non-conforming use.

The Muncys also contend that the trial court "applied an improper standard to determine in its ruling that the Muncys['] use of 258 Production Dr[ive] was in violation of the Town of Avon ordinance limiting outside storage[.]" Appellant's Brief at 14. The Muncys observe that Production Drive did not even exist in 1958 and that the Muncys did not own the property that eventually became Production Drive until 1960. As a result, the argument continues, they were not subject to the Hendricks County Ordinance

_____

[4] For the same reason, the Muncys' equitable estoppel argument must fail.

9

because Production Drive did not exist in 1958. Alternatively, they maintain that their use of the Property was a permitted use under the county zoning ordinance. We cannot agree with either contention.

In that regard, the Muncys point to the following findings:

The Court finds from the evidence that the Hendricks County Zoning Ordinance was originally enacted in 1957 and went into effect on January 1, 1958. Therefore, it is not being used in the same manner it is now being used by the defendants, (Muncys). The defendants['] (Muncys[']) argument that the property is grandfathered in either under the Hendricks County Ordinance or the Avon Zoning Ordinance enacted in 1996 has no merit.

The defendants (Muncys) are subject to the current Town of Avon ordinances including the Zoning Ordinance. The court finds that the open storage use by the defendants (Muncys) was and is not a legal use either in 1958 under the Hendricks County Ordinance or a legal use under the 1996 Avon Zoning Ordinance.

Appellants' App. at ii(b-c). The Muncys' predecessor in title took ownership of the Property in 1960. Although Production Drive was not yet in existence when Ed Muncy bought it, the Property is located within Hendricks County. As such, the Property was subject to the Hendricks County Ordinance when he purchased it in 1960. Thus, we next consider whether their current use of the Property, if in existence in the 1960s, would have violated the county zoning ordinance.

The Muncys point to testimony from Albert Salzman, the Director of Planning and building for the Town of Avon, in support of their argument that the trial court applied an incorrect standard. But the question to Salzman they cite was whether the Muncys' current use of the property would have violated a 1959 county ordinance. Salzman testified as follows:

10

Q:      . . . [A]ccording to this Exhibit "F," [the Hendricks County Zoning Ordinance as amended in 1959,] an industrial use is one that requires both buildings and open area for manufacturing, fabricating, processing, heavy repairing, dismantling, storage or disposal of raw materials, manufactured products or waste.   What about the operation of the Muncys varies from that description?

A:      The use at the site would be consistent with that description.

Transcript at 47; Appellant's App. at 11.

Again, the Muncys had the burden to show that their current use of the Property for open storage has existed for some time, was lawful under the relevant zoning ordinance when it began, and was allowed to be continued after the effective date of the relevant Town ordinance even though it does not comply with that ordinance. See Jacobs, 395 N.E.2d at 835-36; Harville, 718 N.E.2d at 1198.  The Muncys have pointed to no evidence of how the Property was used when they purchased it, when it was subject to the Hendricks County zoning ordinance.  And evidence in the record shows that the current use of the Property is not the same as the use in the 1960s.  Exhibit F in the record contains aerial photographs taken of the Property and surrounding area in 1958 and 1967. Those photographs show that the Property was vacant and not developed in both 1958 and 1967, when it would have been subject to the county zoning ordinance.  The Muncys have not shown that their use of the Property was legal under the county zoning ordinance before the Town of Avon was incorporated.

Nor have the Muncys pointed to any evidence in the record to show how the Property was used at any time afterward until the time the notices of violation were issued in this case.  As a result, the Muncys have not shown that their current use of the Property for extensive open storage was a lawful use in existence when the Avon Zoning

11

Ordinance was enacted in 1996. See Jacobs, 395 N.E.2d at 835-36; Harville, 718 N.E.2d at 1198. Thus, their argument that the trial court applied an incorrect standard is without merit. The Muncys have not shown that the trial court clearly erred when it rejected their claim of a legal non-conforming use.

## Issue Two: Adequacy of Notice

The Muncys also contend that the Town failed to give them adequate notice of the alleged zoning code violations. Specifically, they assert that the Town "failed to identify what actions or lack thereof did the Muncys engage in which changed their status from a legal nonconforming use to a status that now subjects the Muncys to an ordinance that did not exist when the Muncys acquired title" to the Property. Appellant's Brief at 19. We have already determined that the Muncys have not met their burden of showing a legal non-conforming use of the Property. Therefore, this argument is without merit.

The Muncys also contend that the trial court erred when it ordered the penalties to accrue from the date of the First Notice, which was served on only one of the four Muncys. They also point out that adequate notice is required by statute, Indiana Code Section 36-1-6-2(a), and by due process. But we need not reach these arguments because the Muncys do not demonstrate by citation to the record that they preserved this issue for appeal by raising it to the trial court. It is well-settled that a party may not raise a new argument for the first time on appeal. Evans v. Thomas, 976 N.E.2d 125, 128 (Ind. Ct. App. 2012). Thus, the argument is waived.

12

## Conclusion

The Muncys did not meet their burden to show that their use of the Property is a legal non-conforming use. Nor have they shown that the trial court applied an incorrect standard when it determined that their use of the Property for open storage violates an Avon Zoning Ordinance. Finally, the Muncys have not shown that the Town's notice of the violations was inadequate. Therefore, the Muncys have not shown that the trial court's determination that they violated an Avon Zoning Ordinance and imposing penalties is clearly erroneous.

Affirmed.

KIRSCH, J., and MAY, J., concur.