**In re the Marriage of Merlen C. SESLAR, Appellant (Petitioner Below),**

v.

**Claudia SESLAR, Appellee (Respondent Below).**

No. 02A04–8904–CV–133.

Court of Appeals of Indiana, Fourth District.

Aug. 26, 1991.

Daniel M. Graly, Anthony M. Stites, Barrett & McNagny, Fort Wayne, for appellant.

Stephen P. Rothberg, Fort Wayne, for appellee.

MILLER, Judge.

Appellee Claudia Seslar requests a rehearing of our decision in *Seslar v. Seslar* (1991), Ind.App., 569 N.E.2d 380, a dissolution case in which the husband, Merlen, claimed the trial court abused its discretion by dividing the marital property in an unequal manner without sufficient explanation as to why an equal division of the property would not be just and reasonable. Merlen had requested special findings of fact pursuant to Ind.Trial Rule 52 and we remanded to the trial court because the court did not express any findings justifying a departure from an equal division of property based on unjustness or unreasonableness. In her petition for rehearing, Claudia cites five reasons for reconsideration. We grant rehearing to discuss two issues which she raises that were not addressed in our earlier opinion.

■ First, Claudia claims this court's failure to consider her motion to strike any references to the Supplemental Record filed by Merlen after she filed her Appellee's Brief unfairly limited her opportunity to present argument in support of the trial court's judgment. Apparently, the transcript of the hearing was not included in the original record filed with this court even though the trial court certified the record as being complete and accurate. After Merlen filed both the record and his Appellant's brief, Claudia's counsel noticed that there was no transcript of the hearing. Additionally, there were pages included in the original record filed with this court which were not a part of the trial court's record. After this was brought to the trial court's attention, the trial court issued an order striking pages 84 through 173 of the original record. These pages were photocopies of exhibits introduced at the hearing and which were put in the transcript following Merlen's Motion for Special Findings of Fact (R.83). Each page of exhibits contained the handwritten notation—"Motion for Findings cont.". Merlen filed a motion to supplement the record with a transcript of the hearing and the trial court certified the supplemental record, noting that Merlen had requested the entire record of proceedings in his Praecipe. Merlen then filed the Supplemental Record in this court plus a Reply Brief in which he referred to matters contained in the Supplemental Record. Claudia filed a motion with this court to take "appropriate action under Appellate Rule 7.2(C)"—basically, she wanted Merlen to be charged with the failure to present an adequate record. After this court denied relief, she filed a motion either to strike or refuse to consider

any reference to the Supplemental Record in Appellant's Reply Brief since she did not have that record when she prepared her Appellee's Brief. In her motion, she concedes there is no appellate rule covering this situation but requests that we grant relief in the interests of avoiding injustice.

In our decision in *Seslar,* the threshold question was whether the court's findings were sufficient for an adequate review. We remanded to the trial court for more complete findings and, thus, did not reach the issue contained in her Motion to Strike—that is, the record other than the inadequate findings of fact was irrelevant to our decision. After remand and decision, should one of the parties elect to appeal, a new record would be presented to us.

■ Next, Claudia claims there is a conflict between our decision in *Seslar* and other decisions in the first and third districts of this court handed down before and after *Seslar.* Specifically, she cites *Riddle v. Riddle* (1991, 1st dist), Ind.App., 566 N.E.2d 78, for the proposition that "it is unnecessary for the trial court to state its reasons for deviating from the statutory presumption, but articulation on the record of relevant evidence is sufficient to support an unequal division of property." Appellee's Petition for Rehearing, p. 2. She also cites *Staller v. Staller* (1991, 3rd dist), Ind.App., 570 N.E.2d 1328, as contrary to our holding in *Seslar.* We have reviewed these cases and find that there was no mention of a request, pursuant to T.R. 52, for findings of fact.

Therefore, we remand to the trial court for entry of special findings.

SHIELDS, J., concurs.

CHEZEM, J., dissenting without opinion.