# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 30 2019, 8:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Amanda J. Mulkey
Albion, Indiana

ATTORNEYS FOR APPELLEE

Katherine Ridenour
Paul R. Strurm
Shambaugh Kast Beck & Williams, LLP
Fort Wayne, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| A. M., *Appellant-Respondent,* | May 30, 2019 |
| v. | Court of Appeals Case No. 18A-DR-2232 |
| | Appeal from the Whitley Superior Court |
| D. R., *Appellee-Petitioner.* | The Honorable Douglas M. Fahl, Judge |
| | Trial Court Cause No. 92D01-0906-DR-171 |

**Robb, Judge.**

# Case Summary and Issues

[1] Following A.M. ("Mother") and D.R.'s ("Father") divorce and subsequent post-dissolution agreement, the parties shared joint legal custody over their three minor children, M.R., born October 16, 2000; B.R., born November 24, 2002; and C.R., born January 6, 2006 (collectively the "Children"), with Father having primary physical custody. Mother filed a Motion to Modify Custody, Parenting Time, and Child Support and the parties temporarily agreed that Mother would have primary physical custody of M.R. with Father having primary physical custody of B.R. and C.R. Due to Mother's concerns about Father's wife, the parties agreed that Father would not allow M.R. to be supervised by his spouse. After a hearing, the trial court issued its order, which adopted nearly all of Father's proposed findings and conclusions; denied modification of legal custody; granted Mother primary physical custody of M.R; removed the restriction prohibiting Father's wife from supervising M.R.; ordered child support; and required each party to pay half of the guardian ad litem fees.

[2] Mother appeals raising several issues which we restate as: (1) whether the trial court erred in adopting nearly verbatim Father's proposed order; (2) whether the trial court's decision to deny in part and grant in part Mother's motion to modify custody is clearly erroneous; (3) whether the trial court abused its discretion in its parenting time decision; (4) whether the trial court erred in calculating child support; and (5) whether the trial court abused its discretion in allocating litigation expenses. We conclude the trial court did not err in

adopting Father's proposed order, denying modification of legal custody, removing the agreed upon parenting time restriction, or by ordering the parties to each pay half of the litigation expenses. Accordingly, these issues are affirmed. However, concluding the trial court erred in modifying physical custody of M.R. without finding a substantial change in one or more statutory factors and in its child support calculation, we reverse the trial court's order in this respect and remand these issues to the trial court for further proceedings.

# Facts and Procedural History

[3] During the parties' marriage, they had three Children. In 2009, a petition for a dissolution of marriage was filed. On August 29, 2012, the trial court approved the parties' dissolution decree and settlement agreement, in which the parties were granted joint legal and physical custody of the Children. Since the parties' divorce, Father married L.R. and Mother married J.M.

[4] In June 2014, the parties entered into an Agreed Entry for Father to have primary physical custody of B.R. and C.R. and Mother to have primary physical custody of M.R. Approximately four months later, in October 2014, Father filed a petition to modify custody of M.R. and two months after, in December 2014, Mother filed a petition to modify custody of B.R. and C.R. A hearing was held, and in May 2015, the trial court granted Father sole legal custody of M.R. and denied Mother primary physical custody of B.R. and C.R.

[5] The parties subsequently entered into a second Agreed Entry and (among other things) agreed to joint legal custody of the Children with Father having primary physical custody of the Children. The trial court approved the parties' second Agreed Entry on August 24, 2015.

[6] On August 17, 2016, Mother filed a Verified Petition to Modify Custody, Parenting Time, and Child Support, as well as a Motion to Refer the Case to Mediation. Mother contended in her petition that "there has been a continuing and substantial change of circumstances that makes the current order unreasonable and not in the best interests of the parties' [C]hildren." Amended Appendix to Brief of Appellant, Volume II at 66. Mother did not provide any specific allegations in her petition.

[7] On September 29, 2016, Mother filed a Motion for Expedited Hearing along with an affidavit asserting that the Children "are believed to be endangered if returned to [Father] or his parenting time is unsupervised based on the recent actions of [Father] and his wife [L.R.]." *Id*. at 73. Notably, in her affidavit, Mother alleged: Father and L.R. drink heavily; L.R. drives drunk with the Children; L.R. frequently supervises the Children due to Father's occupation, which requires him to travel out of state; M.R. attempted suicide by self-mutilation on September 16;[1] and L.R. was arrested on September 23 for shoplifting while B.R. was with her. Mother also filed a motion for an in

---

[1] M.R. has resided with Mother since this date.

camera interview with the Children and a motion seeking counseling for the children.

[8] A hearing on Mother's motions was held on November 3, 2016. The trial court ordered the parties to participate in mediation and appointed a mediator. The parties agreed[2] that Mother would have temporary physical custody of M.R. with Father having parenting time with M.R. Father also agreed not to allow M.R. to be supervised by his wife, L.R., without him. Later that month, the trial court appointed Andrew Grossnickle as Guardian Ad Litem ("GAL") to represent the interests of the Children. Each party was ordered to pay half of the mediator and GAL fees. Mother filed numerous motions in the ensuing months, the only one of which is relevant here is Mother's January 2017 Motion for Re-Allocation of Litigation Expenses, which the trial court took under advisement pending the outcome of mediation. Mediation was ultimately unsuccessful, and the trial court considered this motion at the same time as the remainder of the pending motions.

[9] In June 2017, Mother filed a Motion to Abate Child Support based on her temporary primary physical custody of M.R. and Father filed a Motion to Modify Parenting Time with M.R. in July 2017, in which he sought to remove the restriction that prevents his wife from supervising M.R. On March 6, 2018, the trial court held a hearing on the outstanding motions: Mother's Petition to

---

[2] The Chronological Case Summary entry for November 3, 2016 states "[b]y agreement of the parties, [Mother] has temporary custody of [M.R.]." *Id*. at 16-17.

Modify Custody, Parenting Time, and Child Support; her Motion to Abate Child Support; her Motion for Re-Allocation of Litigation Expenses; and Father's Motion to Modify Parenting Time. Following the hearing, the parties each submitted their proposed findings of fact and conclusions of law.

[10]     On June 6, 2018, the trial court entered its findings of fact and conclusions thereon. The trial court denied Mother's motion to modify and the parties were granted joint legal custody with Father having primary physical custody of B.R. and C.R. and Mother having primary physical custody of M.R. The trial court found and concluded, in relevant part:

> 17. [Mother] wants to share physical custody of the [C]hildren on an equal basis[.]
>
> 18. The GAL recommends:
>
>> 18.1   The parties have and retain joint legal custody of the parties' minor [C]hildren.
>>
>> 18.2   Mother shall have primary physical custody of [M.R.]
>>
>> 18.3   Father shall have primary physical [custody] of [B.R. and C.R.]
>>
>> 18.4   The parties should coordinate their schedules to allow the [C]hildren to remain together during parenting time, i.e., mid-week parenting, alternate weekend parenting time, extended parenting time and Holiday Parenting times.

19.  [Father] would like the Court to adopt the GAL's recommendation.

20.  [Mother] is requesting the Court adopt a shared parenting plan in which the parties have the [C]hildren on an equal basis, specifically, the parties sharing time with the [C]hildren during alternating seven-day periods.

21.  Father earns, or is capable of earning a weekly gross income of $880.00 (40 hours x $22.00 per hour).

22.  Mother earns, or is capable of earning a weekly gross income of $648.80 (40 hours x $16.22 per hour).

23.  Mother pays $20.77 per week in health care insurance for the [C]hildren ($20.77 ÷ 3 children = $6.92 per child/per week).

24.  Father pays an annual average weekly amount of $52.00 in work related child care expenses for the [C]hildren.

* * *

[Custody]

34.  In the instant case, Mother proffered no evidence justifying a modification of custody.  To the contrary, Mother specifically requested the parties retain joint legal custody status.  Further, the GAL recommended that the parties retain joint legal custody of the minor [C]hildren.  Finally, Father requested the Court adopt the GAL recommendations.

35.  There is not a substantial change in one or more of the factors which the Court may consider under Indiana Code § 31-17-2-8.

36.  A parenting time order may only be modified upon a finding that modification is in the child's best interests.  In the instant case, the parties agreed that no modification of the parties' joint legal custody status is necessary or warranted.  The parties shall have and retain joint legal custody of the minor [C]hildren.  Thus, [Mother's] motion to modify custody is DENIED.

* * *

[Parenting Time]

39.  Mother acknowledged that the current parenting plan . . . is working for her [C]hildren.

40.  It is in the best interest of the parties' child, that Mother shall have primary physical custody of [M.R.].  Unless otherwise agreed, Father shall have access to the child, [M.R.], that is afforded a non-custodial parent as provided in the Indiana Parenting Time Guidelines, and as the parties otherwise agree.

41.  It is in the best interest of the parties' children, that Father shall have primary physical custody of [B.R. and C.R.].  Unless otherwise agreed, Mother shall have access to the children, [B.R. and C.R.], that is afforded a non-custodial parent as provided in the Indiana Parenting Time Guidelines, and as the parties otherwise agree.

42.  [The parties] shall have all the [C]hildren on their respective alternate weekends.  Unless otherwise agreed, Holiday Parenting

Time schedule set forth in the Indiana Parenting Time Guidelines is incorporated by reference as if fully set forth herein.

43. [Children] shall remain together for Holiday Parenting Time and Extended Parenting Time purposes. For interpretation of the Indiana Parenting Time Guidelines only, Mother shall be considered the *custodial* parent and [Father] shall be considered the *non-custodial* parent.

* * *

45. On November 3, 2016, [Father] agreed on a temporary basis not to allow [M.R.] to be supervised by his spouse, [L.R.]. There was not sufficient evidence offered by Mother justifying a continued restriction on Father's parenting time. As a consequence, the Court removes that condition immediately.

* * *

[Child Support]

50. Father owes Mother child support for the benefit of the [M.R.] in the amount of $83.00 per week. Mother owes Father child support for the benefit of [B.R. and C.R.] in the amount of $97.00 per week.

51. Mother shall pay Father child support in the amount of $14.00 per week ($97.00 - $83.00) directly to the Indiana Child Support Bureau. Mother shall likewise pay any assessed annual support service fee.

Amended Appellant's Brief at 34-39. The parties were ordered to each pay half of the GAL's total fees. Mother subsequently filed a Motion to Correct Error

and Father was given thirty days to respond. Father did not respond, and the trial court did not rule on the motion, so it was deemed denied. Mother now appeals. Additional facts will be provided as necessary.

# Discussion and Decision

## I. Standard of Review

[11] On appellate review of judgments with findings of fact and conclusions of law, we "shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Ind. Trial Rule 52(A). When reviewing such findings, we apply a two-tier standard of review: we first determine whether the evidence supports the findings and then whether the findings support the judgment. *In re Paternity of M.G.S.*, 756 N.E.2d 990, 996 (Ind. Ct. App. 2001), *trans. denied*. "Findings are clearly erroneous only when the record leaves us with a firm conviction that a mistake has been made." *D.G. v. S.G.*, 82 N.E.3d 342, 348 (Ind. Ct. App. 2017), *trans. denied*.

[12] We do not reweigh the evidence or assess the credibility of the witnesses. *Best v. Best*, 941 N.E.2d 499, 502 (Ind. 2011). Instead, we view the evidence most favorably to the trial court's judgment. *Id*. "In conjunction with the Trial Rule 52 standard, there is a longstanding policy that appellate courts should defer to the determination of trial courts in family law matters. We accord this deference because the trial court, who saw and interacted with the witnesses, is

in the best position to assess credibility and character." *D.G.*, 82 N.E.3d at 348 (internal citations omitted).

## II.  Adoption of Husband's Proposed Findings and Conclusions

We first address Mother's argument that the trial court erred by adopting Father's proposed findings and conclusions nearly verbatim as its order. Mother contends the trial court made "only minor changes" to ten[3] of Father's proposed findings, adopted all other proposed findings and conclusions, and did not adopt a single finding or conclusion from her proposed order.  Amended Appellant's Br. at 26.  Therefore, she alleges the trial court's order contains "mischaracterizations and omissions of the testimony and implies that the [t]rial [c]ourt failed to scrutinize the findings and conclusions submitted by both parties before signing them."  *Id.*

In *In re Marriage of Nickels*, a panel of this court discussed a trial court's verbatim adoption of proposed findings and conclusions:

> In its order, the trial court adopted verbatim Husband's proposed findings numbered 26 through 50 as its findings numbered 16 through 40.  Trial Rule 52(C) encourages trial courts to request that parties submit proposed findings of fact and conclusions of law and it is not uncommon or per se improper for a trial court to enter findings that are verbatim reproductions of submissions by

---

[3] Specifically, Mother points out the trial court slightly altered findings 25, 39, 45, 48, 50-53, 56, and 66 from Father's proposed order.

the prevailing party. *Clark v. Crowe*, 778 N.E.2d 835, 841 n. 3 (Ind. Ct. App. 2002) (citing *A.F. v. Marion County Office of Family and Children*, 762 N.E.2d 1244, 1249 (Ind. Ct. App. 2002), *trans. denied*). When a party prepares proposed findings, they "should take great care to insure [sic] that the findings are sufficient to form a proper factual basis for the ultimate conclusions of the trial court." *Marathon Oil Co. v. Collins*, 744 N.E.2d 474, 477 n. 2 (Ind. Ct. App. 2001) (citing *Maloblocki v. Maloblocki*, 646 N.E.2d 358, 361 (Ind. Ct. App. 1995)). Moreover, "the trial court should remember that when it signs one party's findings, it is ultimately responsible for their correctness." *Id.* As noted by this court in *Clark*, we urge trial courts to scrutinize parties' submissions for mischaracterized testimony and legal argument rather than the findings of fact and conclusions of law as contemplated by the rule. 778 N.E.2d at 841 n. 3.

We encourage such scrutiny for good reason. As our supreme court has observed, the practice of accepting verbatim a party's proposed findings of fact "weakens our confidence as an appellate court that the findings are the result of considered judgment by the trial court." *Cook v. Whitsell-Sherman*, 796 N.E.2d 271, 273 n. 1 (Ind. 2003) (citing *Prowell v. State*, 741 N.E.2d 704, 708-09 (Ind. 2001)). However, as the court also noted, verbatim reproductions of a party's submissions are not uncommon, as "[t]he trial courts of this state are faced with an enormous volume of cases and few have the law clerks and other resources that would be available in a more perfect world to help craft more elegant trial court findings and legal reasoning." *Prowell*, 741 N.E.2d at 708. The need to keep the docket moving is properly a high priority for our trial bench. *Id.* at 709. For this reason, the practice of adopting a party's proposed findings is not prohibited. *Id.* Thus, although we by no means encourage the wholesale adoption of a party's proposed findings and conclusions, the critical inquiry is whether such findings, as adopted by the court, are clearly erroneous. *See Saylor v. State*,

765 N.E.2d 535, 565 (Ind. 2002) (citing *Woods v. State*, 701 N.E.2d 1208, 1210 (Ind. 1998)).

834 N.E.2d 1091, 1095-96 (Ind. Ct. App. 2005) (citations to the record omitted).

[15] Here, as in *Nickels*, the trial court did not adopt the entirety of Husband's proposed findings and conclusions. *See id.* Although the trial court did not adopt any of Mother's proposed findings or conclusions and its order is nearly verbatim Father's proposed order, the trial court *did* make alterations, however slight, before adopting them. We view these changes as an indication that the trial court did properly scrutinize the findings and conclusions before adopting them. Furthermore, the trial court is not prohibited from adopting a party's proposed order, which Mother acknowledges in her brief. The trial court did not err in this respect.

## III. Motion to Modify Custody

[16] Next, Mother contends the trial court erred in denying her August 17, 2016 motion to modify custody. When this round of post-dissolution litigation began, the situation was: the parties had joint legal custody and Father had primary physical custody of all the Children. Mother's motion sought "to modify the current orders regarding custody, parenting time, child support, and for all other just and proper relief." Amended App. to Br. of Appellant, Vol. II at 66. During the proceedings, the parties *temporarily* agreed that M.R. would live with Mother. The trial court ultimately denied modification of legal

custody as to all the Children and granted Mother physical custody of M.R. only.

[17] To modify custody, the trial court must find that modification is in the best interests of the child *and* there is a substantial change in one or more factors provided in Indiana Code section 31-17-2-8. Ind. Code § 31-17-2-21. The trial court is obligated to consider all relevant factors, including:

(1) The age and sex of the child.

(2) The wishes of the child's parent or parents.

(3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.

(4) The interaction and interrelationship of the child with:

(A) the child's parent or parents;

(B) the child's sibling; and

(C) any other person who may significantly affect the child's best interests.

(5) The child's adjustment to the child's:

(A) home;

(B) school; and

(C) community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent. . . .

Ind. Code § 31-17-2-8.[4]  In determining whether joint custody would be in the child's best interests, a court must consider:

(1) the fitness and suitability of each of the persons awarded joint custody;

(2) whether the persons awarded joint custody are willing and able to communicate and cooperate in advancing the child's welfare;

(3) the wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age;

(4) whether the child has established a close and beneficial relationship with both of the persons awarded joint custody;

(5) whether the persons awarded joint custody:

(A) live in close proximity to each other; and

---

[4] The remaining factors in this section are inapplicable to this matter and therefore, have been omitted.

> (B) plan to continue to do so; and

> (6) the nature of the physical and emotional environment in the home of each of the persons awarded joint custody.

Ind. Code § 31-17-2-15.  When considering a modification from joint legal custody to sole legal custody, the trial court must determine whether there has been a substantial change in one or more of the factors in the joint legal custody statute, in addition to considering any substantial change in the factors in Indiana Code section 31-17-2-8, as is typically necessary for physical custody modifications.  *J.W. v. M.W.*, 77 N.E.3d 1274, 1277-78 (Ind. Ct. App. 2017).

[18]   The party seeking modification of custody bears the burden of demonstrating that the existing custody should be altered.  *Kirk v. Kirk*, 770 N.E.2d 304, 307 (Ind. 2002).  We review custody modification for an abuse of discretion and afford great deference to the trial court in family law matters.  *Id.*  An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it.  *Hanks v. Arnold*, 674 N.E.2d 1005, 1007 (Ind. Ct. App. 1996).

[19]   We begin by noting that the trial court's findings with respect to legal custody and primary physical custody appear in both the custody and parenting time sections of its order.[5]  In this case, the trial court concluded that Mother failed

---

[5] It appears that the trial court conflated parenting time with physical custody.

to provide evidence justifying a modification of custody and a substantial change in one or more of the enumerated statutory factors had not occurred. On appeal, Mother focuses her argument on the trial court's alleged failure to consider the first three factors listed in the joint custody statute. Mother contends the evidence demonstrates "significant concerns" regarding Father's fitness because he frequently travels for work and the Children are left with L.R.; Father has intentionally failed to communicate with her regarding the Children resulting in her missing important events and appointments; and B.R. testified that he wanted to have equal time with his parents. Amended Appellant's Br. at 13-15. However, Mother's Motion to Modify Custody and proposed order only address physical custody, not legal custody, and the trial court found that Mother "specifically requested the parties retain joint legal custody status." Amended Appellant's Br. at 36.

[20] With respect to physical custody, the trial court concluded it is in the best interests of the Children that Mother have primary physical custody of M.R. and Father have primary physical custody of B.R. and C.R. Because the previous custody order granted Father primary physical custody of all Children, this constitutes a modification of primary physical custody of M.R., which requires the trial court to find that modification is in the best interests of the child *and* there is a substantial change in one or more statutory factors. Ind. Code § 31-17-2-21. Although not raised by either party, the trial court failed to enter a finding that a substantial change occurred in one or more of the statutory factors. In fact, the trial court explicitly found that "Mother proffered

no evidence justifying a modification of custody" but then modified physical custody of M.R. Amended Appellant's Br. at 36. Given these conflicting findings, the trial court erred in modifying primary physical custody of M.R. without also finding that a substantial change in one or more of the statutory factors occurred. Because the findings do not support modification of M.R.'s primary physical custody, the trial court's decision in this respect is clearly erroneous. Therefore, we reverse the trial court's modification of physical custody and remand to the trial court to enter findings to support such a modification or amend its judgment in accord with the current findings.

## IV. Child Support

Mother also challenges the trial court's child support calculation arguing the trial court failed to include Father's overtime in its calculation. A trial court's calculation of child support is presumptively valid and will be upheld unless the trial court abused its discretion. *Ashworth v. Ehrgott*, 982 N.E.2d 366, 372 (Ind. Ct. App. 2013). A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances before it or if it misinterpreted the law. *Id.*

For purposes of child support, weekly gross income includes "income from any source . . . and includes . . . income from salaries, wages, commissions, bonuses, [and] *overtime* . . . ." Ind. Child Support Guideline 3(A) (emphasis added). The commentary addressing overtime acknowledges that irregular income causes difficulty in determining a party's gross income, is includable in

the total income, but is "very fact sensitive." Cmt. 2(b). The commentary explains, in relevant part:

> Each of the above items is sensitive to downturns in the economy. The fact that overtime, for example, has been consistent for three (3) years does not guarantee that it will continue in a poor economy. . . . Care should be taken to set support based on dependable income, while at the same time providing the children with the support to which they are entitled.

> *When the court determines that is it not appropriate to include irregular income in the determination of the child support obligation, the court should express its reasons.* When the court determines that it is appropriate to include irregular income, an equitable method of treating such income may be to require the obligor to pay a fixed percentage of overtime . . . in child support on a periodic but predetermined basis (weekly, bi-weekly, monthly, quarterly) rather than by the process of determining the average of the irregular income by past history and including it in the obligor's gross income calculation.

*Id.* (emphasis added).

[23] At trial, Father testified that he earns $22.00 per hour, works forty hours per week, and earns time and a half when he works overtime. However, Father also explained that his overtime varies. The trial court found that Father earns or is capable of earning a weekly gross income of $880.00, namely forty hours at $22.00 per hour. *See* Amended Appellant's Br. at 34. Although it is irregular income that varies, the trial court excluded Father's overtime wages without providing its reasons for doing so. If the trial court concluded it was

inappropriate to include Father's overtime wages in calculating child support, it should have provided its reasoning for doing so. Furthermore, the commentary encourages trial courts to be "innovative in finding ways to include income that would have benefited the family had it remained intact, but [to] be receptive to deviations where reasons justify them." Child Support G. 3, cmt. 2(b). Thus, the trial court erred in excluding Father's overtime without also explaining why it was excluded.

[24] Because we determined the trial court erred in modifying physical custody of M.R. without finding a substantial change in one or more statutory factors and reverse its judgment, the trial court must also determine child support accordingly. In making this determination, the trial court should *consider* Father's overtime wages by either providing a reason for its exclusion or by employing an "equitable method" to incorporate overtime as contemplated in the Guidelines and commentary. *Id*. With respect to Father's weekly gross income, Mother also asserts the trial court committed a computational error by listing Father's weekly gross income on the child support worksheet as $800.00 rather than the $880.00 to which he testified and which the trial court found as a fact in its order. We agree that a discrepancy exists, an issue the trial court should resolve on remand.

[25] Similarly, Mother contends the trial court failed to include a retroactive application of a child support modification reflecting the time during which she provided custodial care to M.R. The trial court did not resolve this issue.

Accordingly, this issue is remanded to the trial court for a redetermination of child support consistent with this opinion.[6]

# V. Parenting Time

In all parenting time controversies, courts must give foremost consideration to the best interests of the child. *Hazelett v. Hazelett*, 119 N.E.3d 153, 161 (Ind. Ct. App. 2019). We review a trial court's parenting time determination under an abuse of discretion standard. *Marlow v. Marlow*, 702 N.E.2d 733, 735 (Ind. Ct. App. 1998), *trans. denied*. If the record reveals a rational basis supporting the trial court's decision, no abuse of discretion occurred. *Id.* In reviewing a trial court's determination, we will not reweigh the evidence or judge the credibility of the witnesses. *Id.*

Mother challenges the removal of the temporary restriction prohibiting L.R. from supervising M.R. without Father present. Here, the trial court found "[t]here was not sufficient evidence offered by Mother justifying a continued restriction on Father's parenting time." Amended Appellant's Br. at 38. Again, Mother points to L.R.'s alleged criminal history in support of her argument that L.R. does not qualify as a "responsible household family member."[7] This, too,

---

[6] Mother's allegations regarding the authenticity of Father's childcare expenses is a request for this court to reweigh the evidence, which we cannot do. *See Best*, 941 N.E.2d at 502.

[7] Mother also takes issue with the trial court's purported denial of her request for additional parenting time during times when Father travels, as well as the removal of the temporary restriction prohibiting L.R. from supervising M.R. without Father present. The Indiana Parenting Time Guidelines address the opportunity for additional parenting time:

is an invitation for this court to reweigh the evidence presented to the trial court, which is not our role. *Marlow*, 702 N.E.2d at 735. L.R. testified she had not been convicted of any crime since 2014. L.R. is an adult who resides in the home and is related to the Children by marriage. Although the trial court did not make an explicit finding regarding L.R., it removed the temporary restriction, indicating there was no reason to continue to restrict Father's parenting time. Thus, a rational basis supports the trial court's parenting time decision and Mother was not improperly denied the opportunity for additional parenting time.

## VI. Litigation Expenses

[28] Finally, we address Mother's remaining argument that the trial court erred by ordering an equal division of GAL expenses, which essentially denied Mother's Motion for Re-Allocation of Litigation Expenses. We disagree.

[29] The decision to appoint a guardian ad litem for a child is within the trial court's sound discretion. Ind. Code § 31-17-6-1. As such, the trial court

---

When it becomes necessary that a child be cared for by a person other than a parent or a responsible household family member, the parent needing the child care shall first offer the other parent the opportunity for additional parenting time, if providing the child care by the other parent is practical considering the time available and distance between residences.

Ind. Parenting Time Guideline I(C)(3). The commentary explains that this rule "promotes the concept that a child receives greater benefit from being with a parent rather than a child care provider who is not a household family member[,]" which is defined as "an adult person residing in the household, who is related to the child by blood, marriage or adoption."

periodically may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under IC 31-17-2 . . . and for attorney's fees and mediation services, including amounts for legal services provided and costs incurred before the commencement of the proceedings or after entry of judgment.

Ind. Code § 31-17-7-1(a). In this case, the trial court exercised its discretion in appointing a GAL to represent the interests of the Children. As a result, the parties incurred $4,990 in reasonable GAL fees and the trial court ordered each party to pay half. Mother requested that the fees be allocated based on the parties' respective income percentages. Evidence demonstrating a disparity in income was presented to the trial court during the hearing; yet, aware of this, the trial court evenly split the GAL fees. Because both parties benefitted from and utilized the GAL's services, we cannot conclude the trial court abused its discretion in ordering the parties to each pay half of the fees.

# Conclusion

[30] Based on the reasons set forth above, the trial court did not err in denying modification of legal custody, adopting Father's proposed order nearly verbatim, or in its parenting time decision and allocation of litigation expenses. However, the trial court erred in modifying primary physical custody of M.R. without finding that a substantial change in one or more statutory factors occurred and in its child support calculation. Accordingly, we affirm in part, reverse in part, and remand to the trial court for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

Baker, J., and Najam, J., concur.